UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| La'Vario Wiley, Plaintiff<br>v.<br>NCAA, Defendant | Case No. 2:26-cv-02281-CDS-MDC<br>**Order Denying Plaintiff's Motion for Temporary Restraining Order and Emergency Motion for Preliminary Injunction**<br>[ECF Nos. 5, 6] |

Plaintiff La'Vario Wiley brings this suit against the NCAA so that he can compete in the 2026–27 football season at a Division I university. Compl., ECF No. 1. He argues that the NCAA's eligibility rules, as applied to him, violate the Sherman Antitrust Act because they prevent him from "competing for roster positions, NIL compensation, and other economic opportunities available to Division I football student-athletes." *Id.* at 7. To remedy this harm, Wiley asks this court to enjoin the NCAA from enforcing the challenged eligibility rules against him. *Id.* at 8; Mots., ECF Nos. 5, 6.

On August 10, 2026, this court held a hearing on the emergency motions for temporary restraining order and preliminary injunction. Mins., ECF No. 17. At the hearing, the court denied both motions because Wiley failed to show a likelihood of success on the merits of his Sherman Antitrust Act claim. *Id.* It also took under advisement the NCAA's arguments regarding lack of subject matter jurisdiction. *Id.* The court later issued a minute order requesting supplemental briefing on the issues regarding the *House* Settlement and redressability. Min. order, ECF No. 20. The parties timely complied. *See* Supp. briefs, ECF Nos. 24, 25. Wiley later filed a declaration in support of his previously filed motions for injunctive relief. Decl., ECF No. 30. For the reasons set forth below, Wiley's motions for injunctive relief are denied.

## I. Background

The NCAA is an association of member colleges and universities that regulates intercollegiate athletics, including the eligibility rules challenged here. ECF No. 1 at 3; ECF No. 15 at 32. The NCAA's bylaws used to limit student-athletes to four seasons of competition within a five-year eligibility period. ECF No. 15 at 32. Under this "Five-Year Rule," the eligibility clock begins to run with full-time enrollment at a collegiate institution, and counts any collegiate season toward their respective limits regardless of where the seasons occurred (e.g., a junior college or NAIA institution).

In 2026, the NCAA bylaws for Division I sports changed: Student-athletes may now compete in all seasons during the five-year eligibility period if they meet all other eligibility requirements. *Id.* Under this "Five-for-Five Rule," the eligibility clock begins at the start of the academic year following the student-athlete's nineteenth birthday or upon full-time enrollment at a collegiate institution, whichever comes first. *Id.* The Five-for-Five Rule does not apply retroactively to student-athletes who exhausted their eligibility by Spring 2026 under the existing Five-Year Rule. *Id.*

Here, Wiley's college football career began in 2019 with a redshirt season at Cerritos College. ECF No. 1 at 5. He also did not compete during the 2020 season due to COVID, receiving the NCAA's season-of-competition relief. *Id.* But he did compete for Cerritos College during the 2021 season. *Id.* He then transferred to Central Michigan University, where he competed during the 2022 and 2023 seasons. *Id.* Finally, he competed for the University of Nevada, Las Vegas (UNLV), during the 2024 season.

| Season | Enrolled Full Time | Played Football | Counts Toward 4 Seasons of Competition | Counts Toward 5 Years of Eligibility |
|---|---|---|---|---|
| 2019 | Cerritos College | No (Redshirt) | No | Yes (1) |
| 2020 | Cerritos College | No (COVID Waiver) | No | No |
| 2021 | Cerritos College | Yes | Yes (1) | Yes (2) |
| 2022 | Central Michigan | Yes | Yes (2) | Yes (3) |
| 2023 | Central Michigan | Yes | Yes (3) | Yes (4) |
| 2024 | UNLV | Yes | Yes (4) | Yes (5) |

In sum, Wiley has competed in four seasons of college football: one at Cerritos College, two at Central Michigan University, and one at UNLV. *Id.* He has also used all five seasons of eligibility, as his eligibility clock began to run in 2019. *Id.* Thus, regardless of whether the Five-Year Rule or the Five-for-Five Rule applies, Wiley is ineligible to compete in any more seasons of college football because he has used all five years of eligibility.

## II. Legal standard

When faced with a motion for preliminary injunction or temporary restraining order, courts apply the four *Winter* factors: (1) the likelihood of success on the merits; (2) the risk of irreparable harm; (3) the balance of equities; and (4) the interest of the public. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). The first factor—likelihood of success on the merits—is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Id.* (citation modified).

## III. Discussion

Here, the Five-Year Rule applies because Wiley exhausted his eligibility under that rule before Spring 2026. But even if this court were to apply the Five-for-Five Rule, the outcome would be the same: Wiley would be ineligible to compete during the 2026 football season because his five-year eligibility window has lapsed. The Five-for-Five Rule *allows* student-athletes to compete in all five seasons of their five-year eligibility window; it does not categorically *entitle* them to five seasons of competition. Thus, to the extent that Wiley seeks a court order requiring the NCAA to apply the Five-for-Five Rule, he lacks standing because such an order will not remedy his alleged harm of being precluded from competing in the 2026 football season. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ("Relief that does not

remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.").

Further, to the extent that Wiley's motions for injunctive relief seek an as-applied exception to the Five-Year eligibility rule, he has failed to show a likelihood of success on the merits. *Garcia*, 786 F.3d at 740 (holding that a plaintiff's failure to show likelihood of success on the merits precludes injunctive relief). Indeed, he has failed to set forth any evidence supporting his Sherman Antitrust Act claim. He has also failed to show that a special exception to the Five-Year eligibility rule would redress his harm despite his ethics violation—that is, his violation of NCAA Bylaw 10.1. A violation of Bylaw 10.1 results in an indefinite suspension unless and until an NCAA member institution appeals for reinstatement and such reinstatement is granted. *See* ECF No. 28 at 4–5. Here, no appeal of Wiley's violation has been made, and Wiley does not challenge NCAA Bylaw 10.1 in this action. So even if I were to order a sixth year of eligibility for Wiley, such relief would not necessarily remedy his harm because his ethics violation still prevents him from competing this season.

Because the relief sought will not redress Wiley's alleged injury, he lacks standing to pursue this action. Accordingly, the motions for injunctive relief are denied, and the court need not address the merits of the NCAA's arguments concerning the *House* Settlement or the First-to-File Rule.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Wiley's motion for temporary restraining order **[ECF No. 5]** and emergency motion for preliminary injunction **[ECF No. 6] are DENIED.**

The Clerk of Court is kindly instructed to close this case.

Dated: August 25, 2026

Cristina D. Silva
United States District Judge